375 So.2d 584 (1979)
Drew DEICHES, Petitioner,
v.
The Honorable Frank N. KANEY, Circuit Judge, Orange County, Florida, Respondent.
No. 79-1369/NT 4-11.
District Court of Appeal of Florida, Fifth District.
August 22, 1979.
*585 Leon P. Cheek, III, Altamonte Springs, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and Mary E. Marsden, Asst. Atty. Gen., West Palm Beach, for respondent.
BERANEK, JOHN R., Associate Judge.
Defendant seeks a writ of prohibition contending the trial court erroneously denied his motion for discharge under Florida Rule of Criminal Procedure 3.191 governing speedy trial. We find that the time for speedy trial has expired and grant the writ.
Defendant was arrested and taken into custody on October 4, 1978, on charges of loitering and prowling in violation of Section 856.021, Florida Statutes (1977), and possession of a concealed weapon in violation of Section 790.01, Florida Statutes (1977). The events giving rise to this arrest are clearly set forth in an affidavit of the arresting officer. This officer was advised by radio that a subject might be trying to pass a forged prescription at a particular drug store. The officer went to the drug store at which time an individual was walking toward the door. The pharmacist informed the officer that the individual walking out of the store was the one who had tried to pass the forged prescription. The officer immediately exited and heard a car engine start. The defendant was seen driving away at a high rate of speed. In his haste, he turned into an alley behind the drug store which happened to be a dead end. The arresting officer stopped him there and arrested him for carrying a concealed weapon and for loitering and prowling. The suspected forged prescription was retrieved from the pharmacist and taken into evidence in regard to the case.
Apparently, defendant was not prosecuted on the loitering and weapon charges which were misdemeanors. However, on December 18, 1978, an information was filed charging petitioner with unlawfully attempting to acquire possession of a controlled substance by attempting to pass the forged prescription in violation of Florida Statutes Chapter 893. Defendant moved for discharge pursuant to Fla.R.Crim.P. 3.191 after more than 180 days elapsed from the date of his initial arrest. The trial court denied the motion. We find this to have been error. In State v. Thaddies, 364 So.2d 819 (Fla. 4th DCA 1978), this Court stated:
In similar circumstances this Court has held that although earlier charges arising from the same incident are dropped, speedy trial time on charges later filed, but based on the same incident, is still measured from the date of the arrest on the earlier charges. Clark v. State, 318 So.2d 513 (Fla. 4th DCA 1975).
Rule 3.191(a)(1) provides that speedy trial time commences when a person is "taken into custody as a result of the conduct or criminal episode giving rise to the crime charge." Here, the criminal episode was the attempt to pass the forged prescription. The officers pursued the defendant from the scene of this crime and might well have arrested him for the crime when they trapped him in the dead-end alley. The fact that he was actually arrested for loitering and prowling does not change the situation.
We conclude that speedy trial time ran and the trial court should have granted the motion for discharge. The writ of prohibition is granted and the case remanded to the trial court with orders to discharge the defendant.
PROHIBITION GRANTED; CASE REMANDED.
DAUKSCH, J., and DOWNEY, JAMES C., Associate Judge, concur.