390 So.2d 411 (1980)
Ricky Steven WALKER, Appellant,
v.
STATE of Florida, Appellee.
No. 80-137.
District Court of Appeal of Florida, Fourth District.
November 12, 1980.
Joel S. Fass of Colodny & Fass, P.A., North Miami, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Russell S. Bohn, Asst. Atty. Gen., West Palm Beach, for appellee.
*412 HERSEY, Judge.
Appellant, Ricky Steven Walker, was involved in a vehicular accident on September 30, 1978. As a result he was charged with vehicular homicide, leaving the scene of an accident and driving while license revoked or suspended. On August 24, 1979, appellant's motion for discharge for failure to comply with the speedy trial rule was granted as to two of the charges and denied as to the crime of vehicular homicide. He entered a plea of nolo contendere specifically reserving the right to appeal denial of his motion.
Immediately after the accident, appellant fled the scene. He then returned and was arrested by police officer Thomas Moltimore and charged with leaving the scene of an accident. He was transported to the Hollywood Police Department where he was photographed and fingerprinted and placed in a cell. Police Department records indicate that he was booked on all three charges. Neither police officer Moltimore nor any other state witness knew who completed the arrest, booking and fingerprint cards. Approximately two and one half hours later appellant was removed from the cell and escorted to an interview with officer George Knox, a homicide investigator. Knox was aware that a homicide was involved but he was not aware that any charges had been filed. He read appellant his Miranda warnings and took his statement, whereupon appellant was released in his step-father's recognizance.
An Information was filed on October 23, 1978 and appellant was arrested for the homicide, booked, and released on bail on May 10, 1979.
The trial court concluded that the criminal conduct involved in the vehicular homicide was separate and apart from the conduct of leaving the scene of the accident. The court then determined that appellant was not arrested for the vehicular homicide until May 10, 1979, and that the speedy trial period did not begin to run until that date. This determination was based on findings that the police officer making the initial arrest was unaware that an accident victim had died when he took appellant into custody, and that Officer Knox, although aware of the death, released appellant on the assumption that he had not been formally arrested and charged.
The issue on appeal is whether the crimes of vehicular homicide and leaving the scene of an accident arose from the same criminal episode. If they did then reversal is required because the time periods under the speedy trial rule begin to run when the accused "is taken into custody as a result of the conduct or criminal episode giving rise to the crime charged." Fla.R.Crim.P. 3.191(a)(1).
There are several Florida cases which interpret this rule in the context of charges arising out of traffic accidents.
In Robinson v. Lasher, 368 So.2d 83 (Fla. 4th DCA 1979), Robinson was arrested for reckless driving. Subsequently a charge of manslaughter was filed against him. It was held that the speedy trial time commenced to run on both charges from the time of the original arrest for reckless driving.
Similarly, in Deloach v. State, 338 So.2d 1141 (Fla. 1st DCA 1976) the court held that an arrest for driving while intoxicated precipitated the running of speedy trial for the charge of manslaughter for a death arising out of the same incident.
However, these cases are distinguishable from the instant one. In Robinson the death of the manslaughter victim was caused by Robinson's reckless driving. The precise conduct, reckless driving, was the sole conduct involved in both charges. Robinson performed one act which had two criminal aspects. Again in Deloach the act of driving while intoxicated caused a death-one criminal episode giving rise to more than one consequence. The conduct resulting in both offenses is not merely related; it is the same conduct.
The same may not be said in the instant case. The accident itself was one criminal episode. From it the manslaughter charge arose. Nothing that happened subsequently had any effect on that conduct or that *413 criminal charge. When appellant fled the scene he committed an entirely separate, unrelated crime. This was new and different conduct. It was an independent criminal episode.
We therefore hold that different time periods for the application of the speedy trial rule were properly used by the trial court, each to run from the time of the arrest on the particular charge involved.
The trial court's denial of appellant's motion for discharge is affirmed.
AFFIRMED.
LETTS, C.J. and ANSTEAD, J., concur.