392 So.2d 980 (1981)
STATE of Florida, Appellant,
v.
Alton S. BEASLEY, Appellee.
No. 80-93.
District Court of Appeal of Florida, Fourth District.
January 14, 1981.
Rehearing Denied February 11, 1981.
Jim Smith, Atty. Gen., Tallahassee, and Russell S. Bohn, Asst. Atty. Gen., West Palm Beach, for appellant.
Russell J. Ferraro, Jr., McManus, Stewart & Ferraro, P.A., Stuart, for appellee.
BERANEK, Judge.
The State appeals from an order granting defendant's motion for discharge under the speedy trial rule. We reverse.
Defendant, Alton Beasley, was under investigation for several thefts including burglary of a dwelling in Martin County and theft of a motorcycle in Okeechobee County. Beasley was arrested for dealing in stolen property, the motorcycle, in St. Lucie County on November 3, 1978, and on March 21, 1979, an information was filed. The State eventually nolle prossed this charge.
Subsequently, on July 20, 1979, the State filed an information charging Beasley with burglary of a residence in Martin County. This crime as alleged occurred at a different time and place from the previous charge. Defendant moved for discharge under the speedy trial rule, Florida Rule of Criminal Procedure 3.191, arguing the State had sufficient probable cause to arrest for burglary of the dwelling at the time he was arrested for dealing in stolen property. The motion alleged:
1. More than one hundred eighty (180) days have elapsed from the time the State of Florida possessed sufficient evidence to arrest defendant or seek a grand jury indictment for the alleged offense giving rise to this cause.
Defendant simultaneously filed a motion to dismiss the information because of prosecutorial misconduct.
The trial court granted the motion for discharge on speedy trial grounds for the stated reason that the Supreme Court had expanded the speedy trial rule in Thomas v. State, 374 So.2d 508 (Fla. 1979), cert. den. 445 U.S. 972, 100 S.Ct. 1666, 64 L.Ed.2d 249 (1980), so as to ban prosecution under these circumstances. The court concluded that the State had obtained sufficient probable *981 cause to arrest defendant for the house burglary when it arrested him on November 3, 1978, and that more than 180 days had elapsed since then. In a separate order the trial court denied defendant's motion to dismiss finding there was no evidence of prosecutorial misconduct. We conclude the discharge of defendant was error.
Florida Rule of Criminal Procedure 3.191(h)(2) provides:
Nolle Prosequi; Effect. The intent and effect of this Rule shall not be avoided by the State by entering a nolle prosequi to a crime charged and by prosecuting a new crime grounded on the same conduct or criminal episode, or otherwise by prosecuting new and different charges based on the same conduct or criminal episode whether or not the pending charge is suspended, continued, or is the subject of entry of a nolle prosequi.

The Martin County information charging house burglary was based upon a separate criminal episode from that set forth in the nolle prossed St. Lucie County information which charged dealing in stolen property. The alleged crimes involved different times, locations, property and victims and were not based on the "same conduct or criminal episode" under the speedy trial rule. The trial court thus could not have dismissed the charges against defendant based upon the above stated provision of the speedy trial rule. We further conclude that Thomas v. State, supra, has not expanded the speedy trial rule as found by the trial court.
In Thomas, defendant was taken into custody for receiving stolen property. When this same property had been taken from the home of a married couple, the husband was murdered and the wife brutally raped. The wife reported welts on her assailant's legs. At the time of his initial arrest, defendant's legs were examined for welts. He was charged with murder and rape some time later. Defendant in Thomas moved for discharge alleging he was actually taken into custody on the murder and rape charges when initially arrested for receiving stolen property, thus the time for speedy trial began running when he was first arrested. The court rejected defendant's argument and commented:
Conceding that the spirit of the Speedy Trial Rule would not condone the withholding of some charges and an arrest on others so as to effectively extend the time periods of the rule where there is ample evidence to support probable cause as to all charges, nevertheless the record in this cause does not establish such an abuse. Thomas, supra at 513.
The trial court apparently interpreted the foregoing language as requiring the State to charge defendant with all crimes of which it has probable cause when a defendant is arrested and, on this theory, dismissed defendant Beasley.
The lower court, however, specifically found no prosecutorial misconduct in its order denying appellant's motion to dismiss. This finding alone would seem to negate any alleged violation of the speedy trial rule because, as in Thomas, "the record in this cause does not establish such an abuse." Furthermore, we reject the notion that Thomas can be interpreted to extend the speedy trial rule. We see the above quoted language in Thomas as referring only to crimes arising out of the same conduct or criminal episode and then only when the State has deliberately withheld charges arising from that episode. On the other hand, where the crimes charged are totally distinct and not strung together by a single conspiracy charge as in State v. Boren, 273 So.2d 415 (Fla. 3d DCA 1973), we do not see how arrest for one crime can require the State to bring charges on a totally separate crime of which the State may have probable cause. As stated in United States v. Lovasco, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977):
It requires no extended argument to establish that prosecutors do not deviate from `fundamental conceptions of justice' when they defer seeking indictments until they have probable cause to believe an accused is guilty; indeed it is unprofessional conduct for a prosecutor to recommend an indictment on less than probable cause. It should be equally obvious that *982 prosecutors are under no duty to file charges as soon as probable cause exists but before they are satisfied they will be able to establish the suspect's guilt beyond a reasonable doubt. To impose such a duty would have a deleterious effect both upon the rights of the accused and upon the ability of society to protect itself. Id. at 790, 97 S.Ct. at 2048 (citations omitted).
To conclude in this case that the State had to bring all charges against defendant of which it had probable cause would destroy the traditional notion of prosecutorial discretion.
We therefore reverse the order of the trial court discharging the defendant and remand for further proceedings.
REVERSED AND REMANDED.
LETTS, C.J., and HERSEY, J., concur.