396 So.2d 1172 (1981)
Harold Toney BATES, Petitioner,
v.
The Honorable Richard B. KEATING, As Circuit Judge, in and for the Ninth Judicial Circuit of the State of Florida, Orange County, Florida, Respondent.
No. 81-60.
District Court of Appeal of Florida, Fifth District.
April 15, 1981.
*1173 Harry W. Carls, III, Public Defender, and Glenn Klausman, Asst. Public Defender, Orlando, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for respondent.
COBB, Judge.
Petitioner seeks a writ of prohibition based on the expiration of his speedy trial time.
Petitioner was arrested for drug trafficking and moved for a continuance to prepare a challenge to the drug trafficking statute. The motion was granted and the speedy trial time was "waived for the period of this continuance." On October 17, 1979, petitioner filed a motion attacking the drug trafficking statute as unconstitutional.
The following day, October 18, 1979, petitioner filed a demand for speedy trial, and his trial was set for December 17, 1979. Due to a conflict with the trial court's trial schedule, the petitioner's trial was reset for December 19, 1979. No order granting an extension of the speedy trial time for exceptional circumstances was rendered.
On December 19, 1979, petitioner moved for discharge on the ground that more than sixty days had run from the date of his demand for a speedy trial. Fla.R.Crim.P. 3.191(a)(2). The trial court denied the motion. Petitioner seeks to have the trial court prohibited from further exercising jurisdiction over him.
While we understand the rationale of Judge Cowart's dissent that prohibition is not a proper remedy, the Florida Supreme Court has already decided that prohibition is a proper remedy when a trial court improperly fails to discharge a defendant whose speedy trial time has expired. Dickoff v. Dewell, 152 Fla. 240, 9 So.2d 804 (1942); Feger v. Fish, 106 Fla. 564, 143 So. 605 (1932). We are obliged to follow that precedent. Hoffman v. Jones, 280 So.2d 431 (Fla. 1973). Indeed, we have done so in previous cases. Gordon v. Savage, 383 So.2d 646 (Fla. 5th DCA 1980); Deiches v. Kaney, 375 So.2d 584 (Fla. 5th DCA 1979).
In the case at hand, the sixty-day period had expired, and no order of extension had been rendered. Therefore, petitioner is entitled to be discharged. State v. Acurse, 347 So.2d 828 (Fla.3d DCA 1977). Accordingly, the writ of prohibition is granted and the case remanded to the trial court with orders to discharge the defendant.
Prohibition GRANTED; REMANDED with directions.
DAUKSCH, C.J., concurs.
COWART, J., dissents with opinion.
COWART, Judge, dissenting:
I agree petitioner is entitled to a discharge because of a violation of his speedy trial rule rights. I realize that this and other courts have previously granted prohibition in such instances. However, the common law writ of prohibition is concerned only with preventing a tribunal from exercising jurisdiction it does not have. Here, as in the usual case involving speedy trial rights, there is no question but that the circuit court has both subject matter jurisdiction over the felony charge and jurisdiction over the person. In such cases the trial court has the authority, power and jurisdiction to hear, consider and decide the question presented and that jurisdiction does not terminate with the running of a speedy trial time, a statute of limitation or any other such event regardless of the effect such matters may have upon the rights of the litigant before the court.
Peculiarly a trial court's jurisdiction never depends on any ruling it makes. If it does not have jurisdiction, no ruling it can make can bestow it. Conversely, if it does have jurisdiction it never loses that jurisdiction *1174 by merely ruling whether its ruling is correct or not, because a court's jurisdiction to decide a matter always necessarily includes the power to rule erroneously as well as correctly. In many instances an accused is entitled, upon a correct preliminary ruling on a point of law, to be free from the further restraints, concerns and hazards incidental to a criminal prosecution but an erroneous ruling does not deprive the trial court of its jurisdiction. Erroneous rulings relating to speedy trial rights are no different than other rulings which, if correct, would summarily dispose of the case and should be treated the same. If policy directs that denials of discharge for violation of speedy trial rights be given a speedy review the appellate rules could provide for their review as non-final orders under Florida Rule of Appellate Procedure 9.130(a)(3) by a specific reference such as is proved in Florida Rule of Appellate Procedure 9.140(c)(1)(E) for appeals by the State from an order discharging a defendant. The omission of such a provision indicates that no interlocutory appeal of such orders was intended or is permitted. The use of prohibition in such cases in effect gives an accused an appeal which only the State is authorized to take. See Fla.R.App.P. 9.130(a)(2), 9.140(b) and 9.140(c)(1)(E). Many speedy trial questions are presented to appellate courts by appeal (most such questions are presented after a nolo contendere plea with express reservation of right to appeal) thereby indicating that appeal is an adequate remedy in such cases although not as speedy as the accused would prefer. Only in those unusual cases where the point of law involves the trial court's jurisdiction over the subject matter or over the person of the petitioner is the use of the extraordinary remedy of prohibition justified. I agree with the majority in Sherrod v. Franza, ___ So.2d ___, No. 80-2003 (Fla. 4th DCA March 4, 1981) [1981 F.L.W. 551]. For those reasons[1] I would deny the remedy of prohibition in this case but would reverse on a proper appeal.
NOTES
[1] For the same reasons we should not blithely apply Florida Rule of Appellate Procedure 9.040(c) and give the same summary interlocutory review by an original certiorari proceeding under Florida Rule of Appellate Procedure 9.030(b)(2)(A). See also Hawaiian Inn v. Snead Const. Corp., 393 So.2d 1201 (Fla. 5th DCA 1981).