407 So.2d 1059 (1981)
STATE of Florida, Appellant,
v.
Dennis Edward VAN WINKLE, Appellee.
No. 81-595.
District Court of Appeal of Florida, Fifth District.
December 30, 1981.
Jim Smith, Atty. Gen., Tallahassee, and Shawn L. Briese, Asst. Atty. Gen., Daytona Beach, for appellant.
Charles R. Trulock, Jr. and Howard Reiss, Orlando, for appellee.
*1060 FRANK D. UPCHURCH, Jr., J.
The state appeals from an order granting the motion of appellee Dennis Van Winkle for discharge under Florida Rule of Criminal Procedure 3.191, the speedy trial rule. We REVERSE.
On September 21, 1980, appellee was arrested for attempted murder. While executing an arrest and search warrant, officers from the Orange County Sheriff's Office and the Orlando Police Department discovered a field of marijuana. At the time of the discovery, the officers did not know whether the field belonged to appellee or his brother who was also residing on the property. Appellee's brother stated that the marijuana belonged to appellee.
On January 6, 1981, appellee was charged with possession of cannabis and a capias was issued for his arrest. He turned himself in on February 2, 1981. Trial was scheduled for April 16, 1981, a date more than 180 days from the date of his arrest for attempted murder on September 21, 1980. If the speedy trial time on the marijuana charge commenced on September 21, 1980, the period had run and the trial judge was correct in discharging appellant. The state argues that the trial court erroneously discharged appellant because two separate transactions and two separate speedy trial periods were involved.
Florida Rule of Criminal Procedure 3.191(a)(4) provides as follows:
Custody. For purposes of this Rule, a person is taken into custody, (i) when the person is arrested as a result of the conduct or criminal episode which gave rise to the crime charged, or (ii) when the person is served with a notice to appear in lieu of physical arrest. (emphasis added)
At the hearing on his motion for discharge, appellee successfully argued that the arrest on the attempted murder charge and the discovery of the marijuana involved a single criminal episode. In granting appellee's motion to discharge, the court relied upon Deiches v. Kaney, 375 So.2d 584 (Fla. 5th DCA 1979) and Crain v. State, 302 So.2d 433 (Fla.2d DCA 1974). In Deiches, a police officer responded to a call that a suspect may be trying to pass a forged prescription at a particular drug store. The officer went to the drug store and was told by the pharmacist that the individual walking out of the store was the one who had tried to pass the forged prescription. The individual was apprehended by the officer and charged with loitering and prowling and carrying a concealed weapon. The defendant, however, was not charged with unlawfully attempting to acquire possession of a controlled substance by attempting to pass the forged prescription until more than two months after his initial arrest.
Claiming that the 180-day time limitation had begun to run on the date of his initial arrest and had since elapsed, the defendant moved for discharge. The trial court denied the motion. In determining that the speedy trial time had run and that the motion for discharge should have been granted, this court stated:
Rule 3.191(a)(1) provides that speedy trial time commences when a person is "taken into custody as a result of the conduct or criminal episode giving rise to the crime charge." Here, the criminal episode was the attempt to pass the forged prescription. The officers pursued the defendant from the scene of this crime and might well have arrested him for the crime when they trapped him in the dead-end alley. The fact that he was actually arrested for loitering and prowling does not change the situation.
Deiches at 585.
In Crain, the defendant was arrested at the scene of an accident and charged with driving while under the influence of a prohibited drug. While investigating the accident, police discovered what appeared to be marijuana in the defendant's vehicle. The defendant, however, was not charged with possession of contraband until a month later after laboratory tests confirmed the nature of the substance. He was subsequently arrested on the possession charge.
Some two hundred days after his initial arrest, the defendant moved for discharge. *1061 The motion was denied. In reversing, the court rejected the state's argument that two separate criminal episodes were involved. The court noted that the marijuana involved in the possession charge was the same marijuana found at the scene of the accident.
In both Deiches and Crain, the same conduct or criminal episode gave rise to two sets of charges: those resulting in the initial arrest and those forming the basis for the subsequent arrest. In both cases, the subsequent charges could have been filed at the time of the initial arrest. In contrast, appellee was arrested for attempted murder, a charge which was unrelated to his subsequent arrest for possession of a controlled substance. The discovery of the marijuana during an authorized search for the weapon allegedly used in the attempted murder led at most to a subsequent investigation which in turn resulted in the possession charge.
Appellee, however, argues that the test in Crain is whether the crime is complete at the time of the initial arrest. He argues that when police discovered the field of marijuana on September 21, 1980, the possession charge was a completed offense. As was discussed above, Crain involved only one criminal episode: the act of driving while under the influence of drugs which gave rise to two charges, the subsequently filed one being the possession charge. Thus, while it is true that the possession offense was complete at the time of Crain's initial arrest, the speedy trial time started at that date not because the offense was completed but because only one criminal episode was involved.
Unlike the situation in Crain, two separate criminal episodes are involved here. In State v. Beasley, 392 So.2d 980 (Fla. 4th DCA 1981), the court concluded that where the crimes charged are totally distinct, the arrest for one crime does not require the state to bring charges on a totally separate crime even though the state may have probable cause to do so. Quoting from United States v. Lovasco, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977), the court stated:
It requires no extended argument to establish that prosecutors do not deviate from `fundamental conceptions of justice' when they defer seeking indictments until they have probable cause to believe an accused is guilty; indeed it is unprofessional conduct for a prosecutor to recommend an indictment on less than probable cause. It should be equally obvious that prosecutors are under no duty to file charges as soon as probable cause exists but before they are satisfied they will be able to establish the suspect's guilt beyond a reasonable doubt. To impose such a duty would have a deleterious effect both upon the rights of the accused and upon the ability of society to protect itself.
Beasley at 981.
In Beasley, the defendant was under investigation for several thefts including the burglary of a dwelling in Martin County and the theft of a motorcycle. Beasley was arrested for dealing in stolen property (the motorcycle) in St. Lucie County on November 3, 1978. On March 21, 1979, an information was filed. The state eventually nolle prossed this charge.
On July 20, 1979, the state filed an information charging Beasley with burglary of a dwelling in Martin County. This crime as alleged occurred at a different time and place from the previous charge. Beasley moved for discharge under rule 3.191 arguing that the state had sufficient probable cause to arrest for burglary of the dwelling at the time he was arrested for dealing in stolen property. The motion was granted.
In reversing, the court noted that the Martin County information charging burglary of a dwelling was based upon a separate criminal episode from that set forth in the nolle prossed St. Lucie County information which charged dealing in stolen property. The court concluded that as the alleged crimes involved different times, locations, property, and victims, they were not based on the "same conduct or criminal episode" under the speedy trial rule.
*1062 Likewise, the two crimes charged here, attempted murder and possession of a controlled substance, involve different times, locations, and victims. As the crimes do not involve the "same conduct or criminal episode," speedy trial time for the possession charge began to run from February 2, 1981, when appellee was arrested on that charge and not from September 21, 1980, when he was arrested for attempted murder. The trial court therefore erred in discharging appellee under the speedy trial rule.
REVERSED and REMANDED.
DAUKSCH, C.J., and COBB, J., concur.