SHARP, Judge.
The State appeals from the trial court’s order discharging Deratany because the “speedy trial” time of one hundred eighty (180) days[1] had expired before he was brought to trial. We reverse because the record shows less than one hundred eighty (180) days had passed following Deratany’s arrest when he made his motion for discharge.
The question in this case, as in State v. Van Winkle, 407 So.2d 1059 (Fla. 5th DCA 1981), is when the one hundred eighty (180) day time period began to run. On October 11, 1980 Deratany made a report to a police officer and on October 15, 1980 he presented an insurance claim, both relating to jewelry he claimed had been stolen. Deratany was charged with making a false report to a police officer, and he appeared and answered the charge on December 17, 1980. Later the State nolle pressed this charge. Deratany was arrested on April 12, 1981 on the charge of presenting a false insurance claim. He filed a motion for discharge on June 22, 1981. The one hundred eighty (180) day period had run if calculated from December 1980, but it had not if calculated from April, 1981.
We conclude that, as in Van Winkle, this defendant was charged with two separate and distinct crimes committed at different times. His arrest or being held to answer charges on the first crime had no impact, for Speedy Trial Rule purposes, on his arrest for the second crime. The one hundred eighty (180) day period began to run on the second crime when Deratany was arrested on April 12, 1981, and it had not run when he filed his motion for discharge.
REVERSED AND REMANDED.
ORFINGER and COBB, JJ., concur.

. Fla.R.Crim.P. 3.191(a)(1).