HENDRY, Judge.
Milton Jay, defendant below, appeals from his conviction of grand theft, second degree and carrying a concealed firearm. We reverse on the basis of the violation of Rule 3.191(d)(3), Florida Rules of Criminal Procedure.
Appellant was arrested on March 6,1981, and charged by information with carrying a concealed firearm and unlawful possession of a firearm by a convicted felon. On May 26, 1981, appellant announced ready for trial but the trial court, on its own motion, continued the trial because appellant only recently retained private counsel and because the name of a defense witness was given to the State only that day. The trial court, over defense objections, charged the continuance to the appellant. On July 6, 1981, the State filed a nolle prosequi on the charges against appellant and then filed the instant charges on December 3, 1981. The instant charges were grounded on the same conduct or criminal episode as the earlier charges. On February 8, 1982, appellant moved for a discharge pursuant to Rule 3.191(d)(1), Florida Rules of Criminal Procedure, which motion was denied. The trial was then set for March 23, 1982. On that date, the trial was once again continued because the State wanted this case reset with another, separate case pending against appellant. Appellant again moved for discharge, this time pursuant to Rule 3.191(d)(3), on May 11, 1982, which was the 91st day after the denial of the earlier motion for discharge. The motion was denied and appellant went on to trial. The jury found him guilty on both counts.
The language of Rule 3.191(d)(3), Florida Rules of Criminal Procedure, is absolutely clear: when a pending motion for discharge is denied, trial shall be scheduled and commenced within 90 days of a written or recorded order of denial. Because the language of the rule is clear, so is the law in this area. In Butterworth v. Fluellen, 389 So.2d 968 (Fla.1980), the Florida Supreme Court held that:
In the event a defendant believes he has been denied his right to [a] speedy trial within a reasonable time and files a motion for discharge, a denial of that motion requires that the defendant be brought to trial within 90 days of the denial of defendant’s motion pursuant to Rule 3.191(d)(3).
Id. at 970 (e.s.). See also State v. Lazarus, 433 So.2d 1314 (Fla. 2d DCA 1983); State v. McCrery, 429 So.2d 739 (Fla. 1st DCA 1983); Brownlee v. State, 427 So.2d 1106 (Fla. 3d DCA 1983); State v. Freeman, 412 So.2d 452 (Fla. 5th DCA 1982); Rogers v. Keating, 411 So.2d 231 (Fla. 5th DCA), rev. denied, 419 So.2d 1200 (Fla.1982).
The record is clear that appellant was ready to go to trial on these charges on February 8, 1982 and that appellant made no requests for continuances between the dates of February 8 and May 11, 1982. Trial should have commenced on or before May 10, 1982. The fact that the State moved, on March 23, 1982, to reset this trial with another pending case against appellant is immaterial. Crimes not involving the “same conduct or criminal episode” have separate speedy trial periods which run from the date the defendant is taken into custody on each of the charges. State v. Deratany, 410 So.2d 977 (Fla. 5th DCA 1982); State v. Van Winkle, 407 So.2d 1059 (Fla. 5th DCA 1981). Additionally, the State may not use its prosecuting procedures to unlawfully extend a speedy trial period. State v. Kelly, 407 So.2d 257 (Fla. 2d DCA 1981).
Because we find that appellant’s May 11, 1982 motion for discharge should have been granted, the other issues appellant raises on appeal are now moot.
Denial of appellant’s motion for discharge is reversed and appellant is discharged as to this cause only.