STONE, Judge.
The appellant contends that the trial court erred by denying a motion to dismiss for violation of the speedy trial rule. Rob *236 erts was arrested for numerous acts, resulting in losses incurred over a period of time by his business partner and their business. The state nolle prossed the part of the initial information charging appellant with two counts of grand theft of over $100,000 immediately after the appellant filed a motion for discharge in that case pursuant to criminal procedure rule 3.191. Since the charges were nolle prossed, there was no necessity for a hearing on the motion to discharge.
Subsequently, the state filed a new information alleging the forgery of four checks. The defendant moved for discharge under the speedy trial rule, on the grounds that the state’s previous nolle pros of the grand theft charges involved the same checks which the new information charged him with forging. The defendant was afforded an immediate trial, and was convicted. However, the speedy trial rule provides that the state may not avoid speedy trial rights by entering a nolle prosequi and thereafter prosecuting a new charge “grounded on the same conduct or criminal episode.” Pla.R.Crim.P. 3.191(h)(2).
The state correctly asserts that Roberts did not demonstrate that the state’s initial grand theft charges involved the same funds which later formed the basis for the forgery charges, even if he was arrested for both offenses at the same time. Nevertheless, we reverse because the record reflects that the appellant was not afforded a full hearing on the issue, which was resolved only on the trial testimony concerning the defendant’s arrest, and not on evidence concerning the conduct supporting the initial prosecution. Roberts, proceeding pro se, sought leave to produce evidence irrelevant to the trial issues, which might have supported his contention that the initial charges of grand theft included these checks. However, he was not afforded an opportunity to do so.
We therefore remand for an evidentiary hearing to resolve as a fact whether the nolle prossed charges of grand theft were founded in part on the four checks in question. If so, then the conduct arose from the same conduct or criminal episode as the forgeries of the four checks, and the defendant should be discharged. See generally, Walker v. State, 390 So.2d 411 (Fla. 4th DCA 1980), rehearing denied, 400 So.2d 207 (Fla. 4th DCA 1981); State v. Beasley, 392 So.2d 980 (Fla. 4th DCA 1981). Compare, Robinson v. Lasher, 368 So.2d 83 (Fla. 4th DCA 1979).
We affirm all other issues.
WARNER and POLEN, JJ., concur.