WARNER, J.
The state appeals the trial court’s order discharging appellee from charges of delivery of cocaine based upon speedy trial violations. The court found that the defendant’s earlier stop for a bicycle violation was part of the same criminal episode as the delivery of cocaine. Because we find that the two charges arose out of two separate incidents for purposes of speedy trial calculation, we reverse.
The Broward County Sheriffs Office was running a five-month undercover drug operation. A detective working undercover at the time of the first incident met a man on a bicycle, and the two discussed and conducted a sale of $20 worth of crack cocaine. The detective did not arrest the man at the time because of his undercover status, but he did radio nearby detectives, describing the man.
Deputy O’Brien and Detective Thompson were stationed together and heard the radio report. Within half an hour, they came into contact with appellee when they stopped appellee for riding a bike without a light, “subsequent to an ongoing narcotics operation within the area.” Deputy O’Brien stated that he “had recognized the individual from the description given and had reason to stop him.” The stop occurred very close to the location of the drug transaction (“within two or three blocks”). The detectives attempted to ascertain appellee’s identity, but the name (“Tilford C. Baynham” or “Tilford F. Baynham”) and social security number given by the appellee did not produce any records at that time. Deputy O’Brien then took appellee into custody for using a false name and for a “bicycle violation,” but not for delivery of cocaine. Detective Thompson made a report listing charges only for using a false name and for the bicycle infraction.
The undercover detective arrived at the scene of the stop and identified the man as the same person who transacted drugs with him, approximately fifteen or twenty minutes earlier, though the detective did not participate in the arrest and appellee was not aware of his presence. Deputy O’Brien, who was monitoring the detective over radio, admitted that he otherwise would not have known the identity of the person in the cocaine delivery unless he had “seen that individual through [his] travels and further investigations after that date.”
Eventually, the state dropped the charges for the bike infraction and for providing false information. On March 24, 2009, exactly one year after the incident, the state filed an information against ap-pellee for delivery of cocaine. On December 19, 2009, appellee filed a motion for discharge on the basis of a speedy trial violation, and following a hearing on the matter, the trial court granted the motion to discharge, prompting this appeal.
While an appellate court will generally defer to the trial court’s factual findings, as long as they are supported by competent, substantial evidence, Jeantilus v. *798 State, 944 So.2d 500, 501 (Fla. 4th DCA 2006) (citing De Groot v. Sheffield, 95 So.2d 912, 916 (Fla.1957)), the interpretation of the rules and procedures is the subject of de novo i’eview. See State v. Nelson, 26 So.3d 570, 573-74 (Fla.2010).
Rule 3.191, Florida Rules of Criminal Procedure, governs the speedy trial provisions in criminal trials, requiring that “every person charged with a crime shall be brought to trial within ... 175 days of arrest if the crime charged is a felony.” Fla. R.Crim. P. 3.191(a). “For purposes of this rule, a person is taken into custody .!. when the person is arrested as a result of the conduct or cHminal episode that gave rise to the crime charged.” Fla. R.Crim. P. 3.191(d) (emphasis added). In practice:
[T]he speedy trial time begins to run when an accused is taken into custody and continues to run even if the State does not act until after the expiration of that speedy trial period. The State may not file charges based on the same conduct after the speedy trial period has expired.
State v. Williams, 791 So.2d 1088, 1091 (Fla.2001).
In general, “[c]rimes are deemed to be part of the same criminal conduct so as to trigger the running of the speedy trial period when they are based on substantially the same conduct, even though the conduct may give rise to different consequences.” Clevenger v. State, 967 So.2d 1039, 1041 (Fla. 5th DCA 2007). “[E]ven when the temporal separation is not significant, when different crimes are involved, they are not deemed a part of the same criminal episode unless they are based on substantially the same acts.” State v. Hanna, 858 So.2d 1248, 1250 (Fla. 5th DCA 2003) (citing Giglio v. Kaplan, 392 So.2d 1004 (Fla. 4th DCA 1981)). The conduct needs to be more than “merely related” — it should be “the same conduct.” Walker v. State, 390 So.2d 411, 412 (Fla. 4th DCA 1980).
This case is most similar to State v. Lynch, 445 So.2d 687 (Fla. 2d DCA 1984). In Lynch, plain-clothed officers observed the defendant sniff a substance in a container and suspected it might be cocaine. Id. at 688. The officers approached and identified themselves to the defendant, who then threw the bottle and shoved one officer backwards. Id. The defendant was arrested for battery of a police officer at that time, but not possession because the detective believed he lacked probable cause. Id. The bottle cap was located after the defendant’s arrest, and when lab results came back months later, the defendant was arrested for possession at that later date. Id. The trial court dismissed the possession charge for violation of speedy trial. Id. On appeal, the Second District, relying on the “same conduct” definition in Walker, reversed and held that “[t]he separate alleged offenses of possession of cocaine and battery of a law enforcement officer were related, to be sure, but they were not the result of the same conduct or episode.” Id. at 690.
Appellee relies heavily on Deiches v. Kaney, 375 So.2d 584 (Fla. 5th DCA 1979). In Deiches, officers were advised by radio that there was a person trying to pass forged prescriptions at a local drug store. Id. at 585. When officers arrived, the defendant was leaving and sped off in his car, only to hit a dead end. Id. The officer arrested the defendant for loitering and prowling, but not for prescription forgery. Id. On appeal, the Fifth District found that these two charges arose from the same criminal episode, since “[t]he officers pursued the defendant from the scene of [the prescription forgery] crime and might well have arrested him for the crime *799 when they trapped him in the dead-end alley.” Id.
We agree, however, with the Second District’s comment in Lynch, questioning Deiches for being “overly broad and ... easily susceptible of inconsistent applications,” in part “because it suggests that a charge may be dismissed under Rule 3.191 merely because it is related to another charge which occurred in the same general vicinity during the same general time frame.” Lynch, 445 So.2d at 690. Moreover, Deiches is inconsistent with the premise in Walker that the conduct needs to be more than merely related, but rather should be the “same conduct.” Walker, 390 So.2d at 412.
Here, the trial court misapplied the “criminal episode” standard of Rule 3.191 by placing a great emphasis on the ongoing investigation of the police officers, rather than the actions of the appellee. As noted by Judge Hurley’s dissent in Williams v. State, 409 So.2d 253, 255 (Fla. 4th DCA 1982) (Hurley, J., dissenting), writing on criminal episodes for purposes of severance of charges for trial (emphasis added), “[w]hether crimes form part of a criminal episode depends on the activities of the defendant, not the activities of the police investigating the defendant.” We agree with Judge Hurley’s observation and apply it to the analysis of criminal episode for purposes of the speedy trial rule.[1]
The act of selling crack cocaine and the act of riding a bike without a light or the act of giving a false name to a police officer are separate acts, and, under the standards of both Hanna and Walker, the initial criminal charges are based on separate conduct from the crack cocaine charge. We thus reverse the trial court’s discharge of appellee for a speedy trial violation and remand for reinstatement of the charge.

Reversed and remanded.

DAMOORGIAN and GERBER, JJ„ concur.

. We receded from Williams in Dupree v. State, 705 So.2d 90 (Fla. 4th DCA 1998), and aligned ourselves with Judge Hurley’s dissent. Our sister court in Pittman v. State, 693 So.2d 1133 (Fla. 1st DCA 1997), has likewise adopted the rationale of Judge Hurley's dissent.