LAWSON, J.
The State appeals an order discharging Domonique Pelham from charges of burglary of a conveyance and petit theft based upon the trial court’s finding that the charges were filed beyond the speedy trial period set forth in Florida Rule of Criminal Procedure 3.191. Finding no speedy trial violation, we reverse.
At 4:30 a.m. on June 30, 2010, police were dispatched to the Village Lake Apartments in Orange County, Florida, in response to a vehicle burglary complaint. They met with a Mr. Helms, who reported his discovery that someone had broken a window of his car, activating his car alarm. Mr. Helms could not identify any property taken from his vehicle, but did describe two males whom he saw walking away from his vehicle when he exited his apartment to check on the car. While the first two responding officers were talking with Mr. Helms and processing the scene,[1] another responding officer observed two males exiting the apartment complex. When the two males saw the patrol car, they fled on foot. This officer pursued, detaining only Pelham. After being advised of his Miranda rights, Pelham claimed that he was just walking around by himself in the area. He denied knowing the other man who he had been seen with before fleeing, could not explain why he had fled, and denied any involvement in the vehicle burglary. Although Pelham’s pockets were filled with items not normally associated with an innocent evening stroll — including a face plate from a car radio, a cellular phone charging cord and a *601 Garmin GPS device — Pelham claimed to have no knowledge of where those items came from or how they had ended up in his pockets.
Police showed the items recovered from Pelham’s pockets to Mr. Helms, but he did not recognize any of those items as coming from his vehicle. As a result, the officers elected not to arrest Pelham for the burglary (instead, presumably, deciding to wait for an analysis and comparison of the latent prints lifted from Mr. Helm’s car). The officers did, however, arrest Pelham for loitering and prowling.
About five hours later, at 9:30 a.m., law enforcement received another vehicle burglary complaint from a Mr. Boyer, who also lived in the Village Lake Apartments, on a different street from Mr. Helms. Mr. Boyer had secured his vehicle in a parking space at around 5:30 p.m. the night before, and found that his vehicle had been burglarized the next morning when leaving for work. When shown the items found in Pelham’s pockets, Mr. Boyer positively identified them as having been stolen from his vehicle. He could readily confirm this with respect to the Garmin GPS, as he had programmed his home address and other information into the device.
Pelham reported being given a time-served jail sentence in 2010 on the loitering and prowling charge. However, it was not until more than a year later, on January 4, 2012, that the State filed an information charging Pelham with burglarizing Mr. Boyer’s vehicle and stealing items from it. Pelham was arrested on these charges the next day, on January 5, 2012.[2]
Shortly thereafter, Pelham’s appointed counsel filed a motion for discharge, arguing that the 175-day speedy trial period for the crimes involving Mr. Boyer’s property began to run when Pelham was arrested for loitering and prowling on June 30, 2010. The trial court agreed, and granted the motion. This appeal followed.
“Rule 3.191, Florida Rules of Criminal Procedure, governs the speedy trial provisions in criminal trials, requiring that ‘every person charged with a crime shall be brought to trial within ... 175 days of arrest if the crime charged is a felony.’ ” State v. Baynham, 72 So.3d 796, 798 (Fla. 4th DCA 2011) (quoting Fla. R. Crim. P. 3.191(a)). “For purposes of this rule, a person is taken into custody ... when the person is arrested as a result of the conduct or criminal episode that gave rise to the crime charged.” Fla. R. Crim. P. 3.191(d) (emphasis added). “[T]he speedy trial time begins to run when an accused is taken into custody and continues to run even if the State does not act until after the expiration of that speedy trial period. The State may not file charges based on the same conduct after the speedy trial period has expired.” State v. Williams, 791 So.2d 1088,1091 (Fla.2001).
The issue in this case is whether the burglary and theft for which the State filed charges against Pelham in 2012 arose from the same “conduct or criminal episode” as the loitering and prowling for which police arrested him in 2010. It is first important to emphasize, as the State argued below and on appeal, that Pelham was charged in 2012 with a different crime than he was arrested for in 2010. As our court has previously explained, “even when the temporal separation [between separate crimes] is not significant, when different crimes are involved, they are not deemed a part of the same criminal episode [for speedy trial purposes] unless they are based on substantially the same acts.” *602 State v. Hanna, 858 So.2d 1248, 1250 (Fla. 5th DCA 2003) (emphasis added) (citations omitted). Or, as stated by the Fourth District, to be considered part of the “same conduct or criminal episode” in this context, “the conduct needs to be more than ‘merely related’ — it should be ‘the same conduct.’” Baynham, 72 So.3d at 798 (quoting Walker v. State, 390 So.2d 411, 412 (Fla. 4th DCA 1980)). The question, then, is whether Pelham was arrested in 2010 based upon the “same conduct” or “same act” that forms the basis for the 2012 charges. Clearly, he was not. This is made even more obvious by the fact that at the time of Pelham’s arrest for loitering and prowling, the conduct that formed the basis for the 2012 charges (the burglary and theft from Mr. Boyer’s car) had not even been reported to police. See also Jones v. State, 450 So.2d 605 (Fla. 2d DCA 1984) (rejecting argument that an arrest for one crime could start the speedy trial period for a second crime committed at the same time and place but for which law enforcement had not yet developed probable cause to arrest the defendant); State v. Floyd, 639 So.2d 128 (Fla. 2d DCA 1994) (“the mere fact that the evidence leading to [a] subsequent charge was first discovered as a result of the original arrest and charge for the initial offense” is insufficient to meet the “same conduct” test).
Our court has consistently applied this “same act” or “same conduct” test in more recent years. Hanna, 858 So.2d at 1250; Cummings v. State, 64 So.3d 712 (Fla. 5th DCA 2011); State v. Banks, 50 So.3d 730 (Fla. 5th DCA 2010); Clevenger v. State, 967 So.2d 1039 (Fla. 5th DCA 2007); State v. Deratany, 410 So.2d 977 (Fla. 5th DCA 1982). However, as pointed out by Pel-ham, this was not the test that we applied in Deiches v. Kaney, 375 So.2d 584 (Fla. 5th DCA 1979), the primary case upon which Pelham relies in his argument on appeal. In Deiches, law enforcement was dispatched to a local drug store when store employees reported suspecting that a customer was attempting to pass a forged prescription. Id. at 585. The officers ended up arresting the suspect that day for loitering and prowling and possession of a concealed weapon, but not for prescription forgery. Id. When the state filed an information more than 175 days later charging the defendant with attempting to fill a forged prescription, our court held that the prescription charge arose from the same episode as the charges for which the defendant had earlier been arrested, explaining only that officers had pursued the defendant from the scene of the prescription forgery crime and “might well have arrested him for the crime” at that time. Id. Based upon this much broader view of the “same conduct or criminal episode” language in the speedy trial rule, we held that the speedy trial period had expired before the information was filed and that the defendant could not be prosecuted for the crime. Id.
Both the Second District and the Fourth District have expressly disagreed with Deiches and criticized the opinion as “ ‘overly broad and ... easily susceptible of inconsistent applications,’ in part ‘because it suggests that a charge may be dismissed under Rule 3.191 merely because it is related to another charge which occurred in the same general vicinity during the same general time frame,’ ” Baynham, 72 So.3d at 799 (quoting State v. Lynch, 445 So.2d 687, 690 (Fla. 2d DCA 1984)).[3] We agree with this criticism, and have even approvingly cited and relied upon the Second District’s Lynch decision (which expressly disagrees with Deiches) on several occa *603 sions. See Clevenger, 967 So.2d at 1041; Hanna, 858 So.2d at 1250. Deiches is inconsistent with our later eases applying the speedy trial rule, and we now expressly recede from Deiches in order to maintain uniformity in our decisions.[4]
As explained above, the burglary and theft charges filed in this case did not arise from the same conduct or criminal episode as the earlier-resolved loitering and prowling charge for speedy trial purposes. The speedy trial period began to run on the charges in this case one day after the State filed its information, when Pelham was arrested on the charges. The trial court erred in discharging Pelham on the charges, and we reverse the discharge order and remand for further proceedings.
REVERSED AND REMANDED.
ORFINGER, C.J., GRIFFIN, SAWAYA, PALMER, TORPY, EVANDER, COHEN, JACOBUS and BERGER, JJ., concur.

. As the car was processed, the officers lifted three latent prints from the vehicle.

. It is worth noting that the State apparently never charged Pelham with any crime relating to the damage done to Mr. Helms' vehicle.

. The Third District also applies the "same conduct” test. See State v. Stanley, 399 So.2d 371 (Fla. 3d DCA 1981) ("It is not enough that the conduct resulting in separate offenses be related; the conduct or episode must be the same even though it may give rise to *603 different consequences.”) (citing Walker v. State, 390 So.2d 411 (Fla. 4th DCA 1980)). The First District does not appear to have directly addressed this issue.

. In so doing, we note that while principles of judicial restraint grounded in separation of powers concerns normally constrain our interpretation of statutes duly enacted by the legislative branch of government, those same concerns support a more narrow construction of our rules of court in this case. Deference to the substantive law reflected in the statute of limitations governing the charges in this case naturally steers us toward an interpretation of rule 3.191 that does not interfere with sections 775.15 and 812.035, Florida Statutes (or, at least interferes as little as possible with those statutes). Section 775.15(2)(b) gives the state three years following the burglary of a conveyance to file criminal charges. Section 812.035(10) allows five years within which the state must file most theft charges. We believe that the broad application of rule 3.191 found in Deiches — which would arguably bar prosecution in this case simply because the burglary and theft occurred at about the same time and place as the loitering and prowling for which Pelham was arrested — would unjustifiably and inappropriately shorten the applicable limitations periods from three and five years to 175 days. Given that Florida’s district courts use a more narrow "same conduct” test when applying rule 3.191, we respectfully suggest to the Criminal Rules Committee of the Florida Bar that it would be appropriate to amend rule 3.191 to eliminate the "or criminal episode” language from subsection (d). That way, the language of the rule would more accurately reflect the application given to the rule by Florida’s appellate courts.