Kuntz, J.
The State appeals the court’s order granting the defendant’s motion to discharge for failure to file the charges at issue within the speedy trial time periods established by Florida Rule of Criminal Procedure 3.191. We affirm.
Following an accident involving the defendant’s vehicle, police officers conducted *1100 a driving under the influence (DUI) investigation and also located a bag containing a white powdery substance which they believed to be cocaine. The defendant was ultimately arrested for possession of cocaine, DUI, resisting arrest without violence, possession of drug paraphernalia, and culpable negligence. The State subsequently filed a “no information” as to the possession of cocaine and drug paraphernalia charges and transferred the remaining misdemeanor counts to county court.
The white powder was later tested by the Broward Sheriffs Office crime lab and determined to be pyrrolidinopentiophe-none (“PVP”). Based upon the result of that test, and over 175 days after the defendant’s arrest, the State filed the present case charging the defendant with one count of possession of PVP. The defendant moved to be discharged, arguing that the charge for possession of PVP was filed outside the speedy trial time limits established by Florida Rule of Criminal Procedure 3.191. The State argued to the court, as it does in this appeal, that the defendant waived her right to a speedy trial by requesting, and receiving, multiple continuances in the transferred misdemeanor case. The court rejected the State’s argument and discharged the defendant based on its conclusion that the PVP charge was filed after the speedy trial period had expired.
The issue on appeal relates to whether the continuances sought by the defendant in the misdemeanor case resulted in a waiver of her speedy trial rights in the felony case pursuant to the speedy trial rule. “The rule is a ‘procedural protection and, except for the right to due process under the rule, does not reach constitutional dimension.’” State v. Warren, 168 So.3d 337, 340 (Fla. 5th DCA 2015) (quoting State v. Bivona, 496 So.2d 130, 133 (Fla. 1986)).
Pursuant to the rule, “every person charged with a crime shall be brought to trial within 90 days of arrest if the crime charged is a misdemeanor, or within 175 days of arrest if the crime charged is a felony.” Fla. R. Crim. P. 3.191. The rule also states that a person is taken into custody “when the person is arrested as a result of the conduct or criminal episode that gave rise to the crime charged.” Fla. R. Crim. P. 3.191(d). As a result, our supreme court has held that the speedy trial period begins to run when the defendant is taken into custody and does not stop merely because the State does not file charges. State v. Williams, 791 So.2d 1088, 1091 (Fla. 2001). Nor does filing a no information or nol prossing of a charge toll the running of the speedy trial period. Palmer v. State, 76 So.3d 1016, 1018 (Fla. 2d DCA 2011) (citing State v. Agee, 622 So.2d 473, 475 (Fla. 1993)).
Discharge pursuant to the rule is not automatic if the State flies charges within the speedy trial period but fails to bring the case to trial or notify the defendant of the charges. State v. Nelson, 26 So.3d 570, 574 (Fla. 2010). In that situation, the rule is not self-executing, State v. Jimenez, 44 So.3d 1230, 1233 (Fla. 5th DCA 2010), and “the defendant may initiate application of the rule by filing and serving on the State a separate pleading entitled ‘Notice of Expiration of Speedy Trial Time.’” Nelson, 26 So.3d at 574. However, if the State does not file the charges within the speedy trial period, the defendant is generally entitled to a discharge.
In this case, the State argues that the court erred in discharging the defendant because the defendant had been granted three continuances in the misdemeanor case pending against her. We agree with the State that, generally, “a continuance that is chargeable to the de *1101 fense ... waives a defendant’s speedy trial rights under the default period of the rule.” Id. at 580. However, based upon the facts of this case, we disagree that the continuance sought in the misdemeanor action constituted a waiver in the felony action.
The waiver of her speedy trial rights in the misdemeanor case can only be attributed to waiver in the felony case if the crimes are part of the “same criminal conduct” and “[c]rimes are deemed to be part of the same criminal conduct so as to trigger the running of the speedy trial period when they are based on substantially the same conduct, even though the conduct may give rise to different consequences.” State v. Baynham, 72 So.3d 796, 798 (Fla. 4th DCA 2011) (citing Clevenger v. State, 967 So.2d 1039, 1041 (Fla. 5th DCA 2007)); see also Nelson, 26 So.3d at 576 (“This waiver is construed as an ongoing waiver of speedy trial rights as to all charges which emanate from the same criminal episode, including any newly filed charges arising out of the incident.”). We have explained that the fact that the crimes are committed at or near the same time is not dispositive “unless [the crimes] are based on substantially the same acts.” Id. (citing State v. Hanna, 858 So.2d 1248, 1250 (Fla. 5th DCA 2003)). In other words, the criminal conduct must be more than related; it must be the same conduct. Id. (citing Walker v. State, 390 So.2d 411, 412 (Fla. 4th DCA 1980)).
In Baynham, the defendant rode a bicycle and sold crack cocaine to an undercover officer. 72 So.3d at 797. He was arrested for riding a bicycle without a light and for providing a false name. Subsequently, the State dropped the charges relating to the bike light and use of a false name. Id. However, the State later filed felony charges for the sale of the cocaine. Id. The court discharged the defendant based upon the conclusion that the cocaine charge had not been filed within the speedy trial period of the previously dismissed misdemean- or charges. Id. We reversed, concluding that the cocaine charges and the bike light charge were based on separate conduct. Id. at 799. Because different conduct is at issue in a cocaine charge and a bicycle light charge, the speedy trial period of one is not attributed to the other. See id.
The Fifth District recently addressed a speedy trial issue involving multiple charges and held that “[c]rimes can constitute separate criminal episodes for speedy trial purposes even though they happen at the same time.” State v. Warren, 168 So.3d 337, 341 (Fla. 5th DCA 2015). In Warren, the defendant was in custody for loitering and prowling outside a building at the University of Central Florida. Id. at 339. While still at the building, the defendant admitted to taking certain items from within the building and returned those items. Id. Later, the defendant was charged with a single count of burglary and a single count of theft for crimes that i-elated to items taken at the time he was arrested for loitering. Id. The Fifth District agreed with the State that the arrest for loitering and the arrest for the theft did not arise from the same conduct or criminal episode. Id. at 341. That court, sitting en banc, reached the same result in State v. Pelham, 99 So.3d 599 (Fla. 5th DCA 2012), when it concluded that the charges for loitering and theft were “clearly not” charged based upon the same conduct or same act. Id. at 602.
Based on these cases, we conclude that the charge for possession of FVP did not arise from the same conduct or criminal episode as the DUI charge. Therefore, the waiver of speedy trial in the misdemeanor DUI action cannot be attributed to the defendant in the felony possession of PVP action. Because the waiver cannot be attributed to the defendant with regard to the felony charge and because the charge *1102 for possession of PVP was filed outside the 175-day speedy trial period, the court correctly granted the motion to discharge and the discharge order is affirmed.

Affirmed.

Levine and Klingensmith, JJ., concur.