COBB, Judge.
Appellant was convicted of aggravated battery and appeals from the judgment and sentence. The four issues raised are: (1) whether the trial court erred in refusing to instruct the jury on the law of circumstantial evidence upon appellant’s request; (2) whether the trial court erred in denying appellant’s motion to dismiss and in allowing the jury to consider the charge of aggravated battery; (3) whether the jury verdict was contrary to the evidence and the *196 law; and (4) whether the trial court erred in denying a motion to discharge for violation of the speedy trial rule.
Appellant was sleeping in his girlfriend’s apartment when he was awakened by a scream. He rushed to the dining room, where he was struck on the head by the intruder, an ex-boyfriend. Appellant fought back, grabbed a knife and stabbed the ex-boyfriend.
The ex-boyfriend retreated out the back door and ran. Appellant gave chase. After running approximately 340 feet, the victim turned to fight. Appellant stabbed him again. The victim died. A medical expert testified that the victim could have run the 340 feet after receiving two fatal stab wounds.
Appellant was taken into custody on July 25, 1977. On September 19, 1977, the Grand Jury returned an indictment charging appellant with manslaughter. On December 16, 1977 a joint motion for continuance and waiver of speedy trial was filed. On February 10, 1978, the state filed a two-count information charging appellant with manslaughter and aggravated battery. Appellant’s motion to discharge and motion to dismiss were denied on March 3 and 8, 1978, respectively. On March 10, 1978, appellant was tried by jury and convicted of aggravated battery as charged in Count II of the information.
We find no reversible error concerning the first three points raised on appeal, but agree with appellant that reversal is required based on the speedy trial rule.
As for the first point on appeal, the record shows that two eyewitnesses, appellant and the girlfriend, testified. Where such direct evidence is available it was not reversible error for the trial court to refuse to charge on circumstantial evidence. State v. Anderson, 270 So.2d 353 (Fla.1972).
Appellant’s argument that the trial court erred by instructing the jury on the charge of aggravated battery is based on Martin v. State, 342 So.2d 501 (Fla.1977), where the court held that in homicide cases, proper instructions are limited to those charges involving lawful and unlawful homicide. The present case is distinguishable. In Martin, there was a one-count charge of manslaughter and an aggravated assault occurred as part of the same crime that culminated in the death of the victim. Here, appellant was charged with two separate crimes in a two-count information. It was proper for the jury to consider whether a lawful or unlawful homicide occurred and whether a subsequent aggravated battery occurred. See Evans v. State, 197 So.2d 323 (Fla.3d DCA 1967).
Appellant argues that since the jury did not find an unlawful homicide, it is inconsistent for the jury to find that the act causing the death was an aggravated battery. However, as the state points out, the jury could have found that the fatal stab wounds occurred during the initial struggle inside the house, but that this homicide was not unlawful. The jury could also have reasonably concluded that appellant’s struggle with the victim outside the house constituted a separate crime of aggravated battery. In determining whether there is sufficient evidence to support the conclusion of the trier of fact, an appellate court need only find substantial, competent evidence to support the verdict. Fernandez v. State, 328 So.2d 508 (Fla.3d DCA 1976), cert. denied, 341 So.2d 1081 (Fla.1976); Donnell v. State, 326 So.2d 256 (Fla.3d DCA 1976).
We agree with appellant that there was no waiver of the right to a speedy trial under Fla.R.Crim.P. 3.191 as to the aggravated battery count. There was a waiver of speedy trial as to the indictment for manslaughter, which could have carried over to a subsequently filed information charging manslaughter. In State v. Boyd, 368 So.2d 54 (Fla.2d DCA 1979) the court held that where the defendant waived speedy trial, the waiver applied to a subsequently filed information which charged defendant with the same criminal conduct as did two original informations. This case is distinguishable since the aggravated battery conviction here must be considered based on a separate crime in order to sus *197 tain the jury’s verdict as well as the aggravated battery instruction. Since appellant was not brought to trial within 180 days of being taken into custody, the motion for discharge should have been granted. The aggravated battery conviction is reversed.
REVERSED and REMANDED for discharge of defendant.
DAUKSCH, C. J., and SHARP, J., concur.