394 So.2d 218 (1981)
STATE of Florida, Appellant,
v.
Michael Wayne BROWN, Appellee.
No. 80-305.
District Court of Appeal of Florida, Fifth District.
February 25, 1981.
*219 Jim Smith, Atty. Gen., Tallahassee, and Edwin H. Duff, III, Asst. Atty. Gen., Daytona Beach, for appellant.
Leon B. Cheek, III, Altamonte Springs, for appellee.
ORFINGER, Judge.
The State appeals an order granting a motion to discharge appellee under the speedy trial rule, Florida Rules of Criminal Procedure, 3.191. We reverse.
A detailed review of the proceedings will serve no useful purpose. It is sufficient to show that trial was scheduled on the charge against appellee well within the 180-day time limit. Shortly before the scheduled trial date, appellee's counsel filed a motion to "reschedule" the trial because of counsel's planned absence from the country during the trial date. Acting on this motion, the trial court entered an "Order Granting Continuance" and re-set the trial for a later date. The order recited the request for continuance by the defense and then granted the continuance. A subsequent motion by the defense for a continuance was also granted.
The trial court later granted defendant's motion to dismiss under Rule 3.190(c)(4) and the State appealed. During the pendency of the appeal, the State filed a new information based on the same charge, and then voluntarily dismissed the pending appeal on the "C-4" motion. After various appearances on the second information, the motion for discharge appealed from here was filed and granted on the ground that the 180-day time limit had expired without defendant having been brought to trial.
When a defendant requests and is granted a continuance, the matter is taken out of the operation of the speedy trial rule,[1] except within the limited circumstances set forth in Rule 3.191(d)(3).[2] The latter rule provides that a defendant must be tried within 90 days from the denial of his motion for discharge, when an earlier motion for continuance is attributable to the accused.
Appellee contends, however, that the first motion was only a motion to "reschedule", not a request for continuance. We fail to understand the distinction. Florida Rules of Criminal Procedure, Rule 3.190(g), defines a continuance as "the postponement of a cause for any period of time." Appellee's motion to reschedule was therefore a motion for continuance for purposes of the speedy trial rule, was treated by the trial court as such and had the effect as such. Just as the 180 day period continues to run notwithstanding the filing of a new information based on the same charges,[3] so does the effect of a defense continuance carry over under the same circumstances.
After defendant filed his motion for discharge here, the State was required to bring him to trial within 90 days, and this time had not expired when the order granting discharge was entered.
The order discharging appellee is quashed, and this cause is remanded to the trial court for further proceedings consistent herewith.
REVERSED and REMANDED.
FRANK D. UPCHURCH, Jr., and COBB, JJ., concur.
NOTES
[1] Butterworth v. Fluellen, 389 So.2d 968 (Fla. 1980); State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla. 1971); State v. Register, 380 So.2d 543 (Fla. 5th DCA 1980).
[2] State v. Bufford, 383 So.2d 928 (Fla. 5th DCA 1980).
[3] Rule 3.191(h)(2), Fla.R.Cr.P.; Wright v. State, 387 So.2d 1060 (Fla. 5th DCA 1980).