FRANK D. UPCHURCH, Jr., Judge.
The state appeals an order granting appellee’s motion for discharge under the speedy trial rule, Florida Rule of Criminal Procedure 3.191.
An information was filed on November 1, 1979, charging appellee with burglary of apartment 12 at an Orlando apartment complex. Appellee requested a continuance and thus took the matter out of the operation of the speedy trial rule. Butterworth v. Fluellen, 389 So.2d 968 (Fla.1980); State v. Brown, 394 So.2d 218 (Fla. 5th DCA 1981)[1].
The case proceeded to trial and on March 4, 1980, the trial court granted a directed verdict of acquittal on the ground that the evidence indicated that apartment 125, not apartment 12, had been burglarized.
On March 10, 1980, a new information was filed charging appellee with burglary of apartment 125. Appellee was arrested on this charge on March 28, 1980, and trial was set for June 19, 1980. On June 10, 1980, however, appellee moved for discharge and the trial court subsequently granted the motion, relying on Haddock v. State, 379 So.2d 194 (Fla. 5th DCA 1980).
We REVERSE under the rationale of Stevens v. State, 383 So.2d 1156 (Fla. 5th DCA 1980). Here either the two charges arose from the same criminal conduct or episode or else they did not. If they did, then appellee’s waiver of speedy trial for the first charge was also a waiver for the second charge. State v. Brown; State v. Stevens. If they did not, then appellee’s arrest pursuant to the second information began the running of speedy trial as to that charge and this time had not expired when the trial court’s order discharging appellee was entered.
Appellee claims that a double jeopardy violation exists because the second charge was really for the same offense as the first charge. However, a defendant who obtains a judgment of acquittal on the grounds that a material variance existed between the allegations in the information and the proof adduced at trial is estopped to suggest that the variance which was mate *397 rial enough for acquittal is nonetheless immaterial for a new charge. State v. Katz, 402 So.2d 1184 (Fla. 1981).
The order discharging appellee is QUASHED and this cause REMANDED to the trial court for further proceedings consistent herewith.
DAUKSCH, C. J., and ORFINGER, J., concur.

. There are exceptions to the general rule that when a defendant requests and is granted a continuance, the matter is taken out of the operation of the speedy trial rule, but they are not applicable here. See Butterworth at 970; Brown at 219.