460 So.2d 444 (1984)
STATE of Florida, Appellant,
v.
Phillip T. BRANDT, Appellee.
No. 84-205.
District Court of Appeal of Florida, Fifth District.
November 23, 1984.
Rehearing Denied December 18, 1984.
*445 Jim Smith, Atty. Gen., Tallahassee, and Kenneth McLaughlin, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and Larry B. Henderson, Asst. Public Defender, Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from an order discharging appellee from criminal prosecution. It is based upon Florida's Speedy Trial Rule 3.191, Florida Rules of Criminal Procedure.
The rule provides that a person must be tried within 180 days of being taken into custody for a felony offense. On March 4, 1983, appellee was taken into custody for a felony, sexual battery. Trial was set for June 2, 1983, but appellee moved for a continuance of the trial so it was not held and the speedy trial rule was waived as to that offense. State ex. rel. Butler v. Cullen, 253 So.2d 861 (Fla. 1971); Zeigler v. State, 402 So.2d 365 (Fla. 1981); cert. den. Zeigler v. Florida, 455 U.S. 1035, 102 S.Ct. 1739, 72 L.Ed.2d 153 (1982); State v. Cocalis, 443 So.2d 138 (Fla.3d DCA 1983).
On January 11, 1984, appellee was recharged by an amended information with the same sexual battery. In another count of the same new information appellee was charged with a different sexual battery upon a different victim which the amended information says occurred on the same day. The trial judge made the following findings:
For the record in this particular case, I would make a specific finding as a matter of fact that the charge on the offense alleged in Count II is specifically the same conduct or criminal episode as alleged in Count I.
The court is going to construe the rule in favor of the defendant in this case. I do not feel the waiver applicable to Count I would be extended over to uncharged cases that arose out of the same conduct or criminal episode the state could have filed on an earlier occasion.
The state's filing of Count II after speedy trial had run barred the state from proceeding on that count in view of the timely motion for discharge filed by the defense.
The state argues two theories to seek a reversal. First, that both batteries occurred from a single episode so the continuance of the trial date took both charges out of the speedy trial rule. Second, that if this court determines both did not arise from a single episode then appellee was not truly in custody for the second charge until the information was filed on that charge and he was restrained under that charge. Without distinguishing between a single episode versus multiple episodes we agree appellee was not under restraint, in custody, for the second count until the state charged him with that crime.
This case is materially different from State v. Jones, 404 So.2d 395 (Fla. 5th DCA 1981) where Jones was always charged with only one burglary. There, the first information inaccurately stated the apartment number which was burglarized. Double jeopardy did not bar a new charge and this court ruled a waiver of the speedy trial rule during the first proceedings operated to take the matter out of the speedy trial rule for all purposes, even when he is recharged and tried on a correct information. Here, appellee was involved in two batteries on two persons, it is alleged. Until he *446 is taken into custody on a charge he is not entitled to speedy trial rights. He was not taken into custody for the second charge until, at the earliest January 11, 1984, when the information was filed, as far as the record here discloses. The motion for discharge affirmatively states that appellant was arrested for Count One on March 4, 1984. It does not say he was taken into custody for Count Two on that day, or any particular day.
The only evidence that the appellee was taken into custody as to Count Two is the information charging him with Count Two. The motion for discharge does not support the finding made and the information refutes the finding. The fact that both batteries occurred at the same location in the same time period does not equate to the same crime. There were two victims thus two separate crimes. Appellee should not have been discharged. The order of discharge is reversed and this cause remanded for trial on both counts.
REVERSED and REMANDED.
ORFINGER and FRANK D. UPCHURCH, Jr., JJ., concur.