## STATE OF FLORIDA v OTERO

Case No. 89-59AC10 (County Court Case No. 89-8354MM10)

Seventeenth Judicial Circuit, Broward County

July 26, 1990

### APPEARANCES OF COUNSEL

**James McLane, Esquire,** Assistant State Attorney, for appellant.
**Robert Cirirossi, Esquire,** for appellee.

### OPINION OF THE COURT

THOMAS M. COKER, JR., Circuit Judge.

THIS CAUSE having come before this Court upon an Appeal of the Trial Court's granting of the Appellee's Motion for Discharge, and the Court having received and reviewed the appellate briefs, and being fully advised in the premises, makes the following findings of facts and conclusions of law:

**29**

## FINDINGS OF FACTS:

1. On March 26, 1989, the Appellee, Miguel Otero, was arrested on the charge of driving under the influence of alcoholic beverage contrary to Fla. Stat. § 316.163(1)(a). He was formally charged by information on April 13, 1989.

2. On the first trial date, May 22, 1989, the Court took a court continuance. The delay on this date was not attributed to the Defendant/Appellee.

3. On the second trial date, June 12, 1989, the Court charged a continuance to the State. The delay was not attributed to the Defendant/Appellee.

4. On June 21, 1989, the Defendant/Appellee filed a Motion for Discharge, alleging that the ninety (90) day speedy trial period would run on June 23, 1989. The trial of the Defendant/Appellee was continued pending the outcome of the Motion for Discharge.

5. The Defendant/Appellee's Motion for Discharge was heard on August 2, 1989. At this hearing, the State/Appellant argued that the speedy trial period would not have run until Saturday, June 24, 1989, thereby giving the State/Appellant until Monday, June 26, 1989, to try the Defendant/Appellee. However, the Trial Court orally granted the Defendant/Appellee's Motion for Discharge and rendered a written Order to that effect on August 7, 1989.

6. Notice of this Appeal was timely filed on August 21, 1989.

BASED ON THE FOREGOING, THIS COURT MAKES THE FOLLOWING CONCLUSIONS OF LAW:

A. The date of the arrest triggers the running of the time periods under the speedy trial rule within which the Defendant must be brought to trial by the State, or be discharged from prosecution. *State v Brandt,* 460 So.2d 444 (Fla. 5th DCA 1984); *Gordon v Leffler in and for Seminole County,* 495 So.2d 200 (Fla. 5th DCA 1986).

B. Accordingly, the decision of the Trial Court is hereby affirmed. The Defendant/Appellee was arrested on March 26, 1989. As there were no delays attributable to the Defendant/Appellee on or before June 23, 1989, the day upon which the speedy trial period ran, the Trial Court correctly granted the Defendant/Appellee's Motion for Discharge.

WHEREFORE, it is ORDERED AND ADJUDGED that the Trial Court's Granting of the Defendant/Appellee's Motion for Discharge is hereby AFFIRMED.

DONE AND ORDERED in Chambers, at the Broward County

Courthouse, 201 Southeast Sixth Street, Fort Lauderdale, Florida 33301, this 26th day of July, 1990.