PER CURIAM.
Appellant challenges his convictions and sentences for three counts of attempted carnal knowledge of a child. We affirm.
On May 14, 1973, appellant was arrested for an offense against an eleven year old child, J.D.M., Jr., that allegedly occurred on May 12, 1973. Appellant was not formally charged in the case and a “no information” was filed. On August 4, 1973, appellant was arrested and charged with lewd conduct in the presence of three children, J.D.M., Jr., L.M., and T.J., also allegedly arising out of conduct that occurred on May 12,1973. Eventually, these charges were nolle prossed after the children’s mother refused to allow the children to testify in court.
In July 1997, three separate informa-tions were filed charging appellant with carnal knowledge of J.D.M., Jr., T.S. (formerly T.J.), and a previously uninvolved child, P.S. The offenses allegedly occurred on various occasions between 1971 and 1973, excluding May 12,1973.
Appellant filed a motion for discharge on all counts on speedy trial grounds, asserting the new cases were based on the same conduct for which he had been arrested in 1973. He also filed a motion to dismiss all charges, asserting violation of due process due to the nearly twenty-five year delay in prosecution. The trial court denied both motions after hearing, and appellant entered a nolo contendere plea, specifically reserving the right to appeal the denial of these motions, which the state agreed were dispositive.
Florida’s speedy trial rule provides that the time for speedy trial commences to run when a person is taken into custody, and that “a person is taken into custody (1) when the person is arrested as a result of the conduct or criminal episode that gave rise to the crime charged, or (2) when the person is served with a notice to appear in lieu of physical arrest.” See Fla. R.Crim. P.3.191(a), (d). After entering a nolle pro-sequi to a charged offense, the state may not prosecute “a new crime grounded on the same conduct or criminal episode.” See Fla. R.Crim. P. 3.191(o). Based on our review of the record, we conclude that the trial court correctly ruled that the offenses charged in the 1997 informations were not based on the same conduct or criminal episode for which appellant was arrested in 1973. Therefore, we affirm the denial of appellant’s motion for discharge on speedy trial grounds.
In evaluating an alleged violation of due process due to pre-indictment delay, the court must “ ‘consider both the reasons for the delay and the prejudice to the accused.’ ” See Howell v. State, 418 So.2d 1164 (Fla. 1st DCA 1982), citing United States v. Townley, 665 F.2d 579, 581-82 (5th Cir.1982). It is “the responsibility of the defendant to demonstrate actual prejudice resulting from any delay in arrest or indictments. Once the defendant has met his burden of proof, the burden shifts to the government to show why the delay was necessary.” Howell, 418 So.2d at 1170. In the instant case, appellant failed to make an initial showing of actual prejudice due to the delay. “Speculative allegations as to faded memories simply do not suffice to prove actual prejudice.” Id. Therefore, the trial court did not err in denying the motion to dismiss.
For the foregoing reasons, the denials of the motions for discharge and to dismiss are AFFIRMED.
BOOTH, JOANOS and WEBSTER, JJ., CONCUR.