858 So.2d 1248 (2003)
STATE of Florida, Appellant,
v.
Roxie Lynn HANNA, Appellee.
No. 5D03-524.
District Court of Appeal of Florida, Fifth District.
November 14, 2003.
*1249 Charles J. Crist, Jr., Attorney General, Tallahassee, and Ann M. Phillips, Assistant Attorney, Daytona Beach, for Appellant.
Richard L. Wilson, Orlando, for Appellee.
TORPY, J.
The issue in this case is whether Appellee's right to a speedy trial on several counts in a multi-count information was violated, thereby entitling Appellee to a discharge on these counts. The trial court concluded that a speedy trial violation had occurred and discharged Appellee on six of the twelve counts contained within the information. Our determination of this issue depends on whether the six dismissed counts arose from the same "criminal episode" as a charge for which Appellee had been previously arrested and discharged. We conclude that the charges involved separate episodes; therefore, we hold that the lower court erred in granting the motion for discharge.
Appellee is accused of operating an adult bookstore, "Jerry's General Store," without a proper license, a county ordinance violation, several counts of distribution of obscene materials, all misdemeanors, and two felony RICO[1] counts wherein the distribution charges comprise the predicate acts. The allegations are that undercover officers purchased obscene videos, DVDs and a magazine from Appellee on four different dates.[2] On only one of the dates, August 16, 2002, did officers effect an arrest contemporaneous with the purchase. However, at that time, Appellee was only charged with the violation of Orange County code 3-127, operating an adult entertainment establishment without a license; *1250 no additional charges were levied by the officers.
Based on the August 16th arrest, on September 23, 2002, the State filed an information charging Appellee with operating an adult establishment without a license on the date of August 16, 2002, but this charge was later nolle prosequied. Thereafter, on November 15, 2002, the ninety-first day after Appellee's first arrest, Appellee was arrested on the charges now at issue. The State filed an information containing the felony and misdemeanor charges the next day. The lower court discharged Appellee on counts III through VII, which charged Appellee with distributing several articles of obscene materials on July, 19, 2002 and August 7, 2002. The court also discharged Appellee as to count XI, which, as amended, alleged that Appellee operated an unlicensed adult bookstore between July 19, 2002, and August 15, 2002. The remaining counts are not at issue for purposes of this appeal.
The central issue in this appeal is whether the dismissed charges arose from the same criminal episode as the crime for which Appellee was arrested on August 16, 2002. If so, then the speedy trial period commenced to run on all of the charges on August 16th, even though she was not charged with the majority of the crimes until November 15th. State v. Van Winkle, 407 So.2d 1059 (Fla. 5th DCA 1981). Moreover, if the dismissed misdemeanor crimes arose from the August 16th episode, the subsequent consolidation of these charges with the felonies would not revive the misdemeanor counts because the speedy trial time had already expired. State v. Robbins, 830 So.2d 866 (Fla. 5th DCA 2002); Alvarez v. State, 791 So.2d 574 (Fla. 4th DCA 2001). Because we conclude that the various charges did not arise from the same criminal episode, however, Appellee's speedy trial time did not commence to run on each charge until Appellee was arrested on the particular charge. Furthermore, because the misdemeanor charges were consolidated with the felony counts before the speedy trial time expired on the misdemeanors, the time period for felonies applies. Id.; Fla. R.Crim. P. 3.191(f).
Although the cases in this arena are sometimes difficult to reconcile, our analysis of numerous decisions leads us to the following observations. First, generally, when crimes occur on different days, not as a part of one uninterrupted event, they are not part of the same criminal episode, even when they are related. See e.g., State v. Deratany, 410 So.2d 977 (Fla. 5th DCA 1982) (false report of theft to police; false claim of same theft to insurance company four days later); Giglio v. Kaplan, 392 So.2d 1004 (Fla. 4th DCA 1981) (burglary of auto on day one; forgery of credit card slip next day for card taken in burglary); Jarrell v. State, 756 So.2d 1102 (Fla. 1st DCA 2000) (lewd conduct and carnal knowledge of same victim on different days). Under these circumstances, the temporal separation evinces separate crimes with a separate criminal intent existing for each crime.
Our second observation is that, even when the temporal separation is not significant, when different crimes are involved, they are not deemed a part of the same criminal episode unless they are based on substantially the same acts. Compare State v. Van Winkle, 407 So.2d 1059 (Fla. 5th DCA 1981) (attempted murder; marijuana cultivation), State v. Floyd, 639 So.2d 128 (Fla. 2d DCA 1994) (prostitution; possession of drugs), Walker v. State, 390 So.2d 411 (Fla. 4th DCA 1980) (vehicular homicide; leaving scene of accident), and State v. Lynch, 445 So.2d 687 (Fla. 2d DCA 1984) (battery on law officer; possession of cocaine) with Reed v. State, *1251 649 So.2d 227 (Fla.1995) (robbery and kidnaping charges based on same conduct), Carter v. State, 432 So.2d 797 (Fla. 2d DCA 1983) (driving intoxicated; revoked license), State v. Kelly, 407 So.2d 257 (Fla. 2d DCA 1981) (trafficking in two different pistols as part of same transaction), Robinson v. Lasher, 368 So.2d 83 (Fla. 4th DCA 1979) (reckless driving resulting in manslaughter), Crain v. State, 302 So.2d 433 (Fla. 2d DCA 1974) (driving under the influence of a prohibited drug; possession of prohibited drug found in car).
Here, the distribution of obscenity charges clearly arose from separate episodes than that for which Appellee was arrested on August 16th. The offenses occurred on separate dates and involved different acts. Likewise, we conclude that the unlicensed operation offenses alleged in the information are different episodes than the unlicensed operation offense for which Appellee was arrested on August 16th. Although the license violations involved the same type of conduct, they comprise distinct criminal acts that occurred on different days. Under Orange County code, each different day of operation without a license constitutes a separate offense. Therefore, each day of operation without a license is a separate criminal act or episode. Jarrell, 756 So.2d at 1103.
Based on the foregoing, the order granting discharge on counts III through VII and count XI is reversed.
REVERSED AND REMANDED.
SHARP, W., and PETERSON, JJ., concur.
NOTES
[1] The Florida RICO (Racketeer Influenced and Corrupt Organizations) Act, sections 895.01-895.06, Fla. Stat. (2002).
[2] On July 19, 2002, officers purchased two videotapes. On August 7, 2002, they purchased a magazine, a DVD and a video. On August 16, 2002, officers purchased a DVD. Finally, on September 27, 2002, officers purchased two additional videos.