967 So.2d 1039 (2007)
Robert L. CLEVENGER, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D07-451.
District Court of Appeal of Florida, Fifth District.
November 2, 2007.
Howard Babb, Public Defender, Dale Marie Merrill, Assistant Public Defender, Inverness, for Petitioner.
Bill McCollum, Attorney General, Tallahassee, and Carlos A. Ivanor, Jr., Assistant Attorney General, Daytona Beach, for Respondent.
TORPY, J.
Petitioner seeks a writ of prohibition, based on speedy trial grounds, to prohibit the trial court from proceeding with his murder and aggravated battery trial. The pending charges arose from a physical altercation during which Petitioner allegedly battered several victims, including the decedent. Petitioner's theory is that the speedy trial period for any charges arising from the same fracas began to run, not when he was first arrested for crimes involving the decedent, but when he was first arrested for battery of any victim of the same fracas. This is true, he theorizes, *1040 because all of the crimes occurred during the same "criminal episode." Concluding that the pending charges did not arise from the same episode for speedy trial purposes, we deny the petition.
On February 19, 2006, Petitioner was arrested for three misdemeanor counts of battery on Amy Cook, Christina Owens, and Joshua Barney. These charges arose from a physical altercation that began between Petitioner and his wife but also involved Cook, Owens, Barney and the decedent, Tia Florin, all of whom had apparently attempted to intervene. Florin, who was pregnant at the time, collapsed during the melee and could not be revived. She died later that night. Petitioner was initially charged with multiple counts of misdemeanor battery. He pled no contest and was sentenced to time served for the offenses involving Cook, Owens, and Barney.
Many months after the disposition of the misdemeanor charges, the State filed the information in this case, charging Petitioner with third-degree murder and aggravated battery on Florin. Petitioner was arrested on the new charges the following day. He filed a motion to discharge the felony charges pursuant to Florida Rule of Criminal Procedure 3.191(a). The trial court treated his motion as a notice of expiration of time for speedy trial. The trial court orally denied Petitioner's motion, relying on this Court's decision in State v. Brandt, 460 So.2d 444 (Fla. 5th DCA 1984). It then set the case for trial, which we stayed pending review of this petition.
Petitioner claims that all of the criminal charges arose out of a single criminal episode. Accordingly, he contends that, when he was arrested and taken into custody on the misdemeanor charges, the speedy trial period began to run for all charges and all victims involved in the same incident. Like the trial court, we conclude that our decision in Brandt is controlling here. There, Brandt allegedly committed two sexual batteries on two different victims during the same encounter. Although Brandt was initially arrested for one of the sexual batteries, he was not charged with the second battery until much later when an amended information was filed. The lower court discharged Brandt on the second sexual battery charge, finding that the two batteries arose from the same criminal episode. We reversed. In addressing Brandt's argument that the speedy trial period commenced to run on both charges at the time he was initially arrested, we said:
Here, appellee was involved in two batteries on two persons, it is alleged. Until he is taken into custody on a charge he is not entitled to speedy trial rights. He was not taken into custody for the second charge until, at the earliest January 11, 1984, when the information was filed, as far as the record here discloses. The motion for discharge affirmatively states that appellant [sic] was arrested for Count One on March 4, 1984. It does not say he was taken into custody for Count Two on that day, or any particular day.
The only evidence that the appellee was taken into custody as to Count Two is the information charging him with Count Two. The motion for discharge does not support the finding made and the information refutes the finding. The fact that both batteries occurred at the same location in the same time period does not equate to the same crime. There were two victims thus two separate crimes. Appellee should not have been discharged. The order of discharge is reversed and this cause remanded for trial on both counts.
Id. at 445-46 (emphasis added).
Petitioner has made no attempt to distinguish Brandt, so our analysis would ordinarily *1041 end with our citation to this precedent. However, Petitioner suggests that the holding in Brandt is no longer viable in light of more recent decisions of this and other courts. We disagree.
Generally, the speedy trial rule provides a right to an expeditious trial when a defendant has been "charged with a crime." Fla. R.Crim. P. 3.191(a). The time period begins to run when the defendant is arrested for the crime or issued a notice to appear. Fla. R.Crim. P. 3.191(a), (d). Under certain limited circumstances, however, the right to a speedy trial can commence to run on uncharged crimes if the uncharged crimes are part of the same "criminal episode" as the charged crimes. State v. Hanna, 858 So.2d 1248, 1250 (Fla. 5th DCA 2003). Crimes are deemed to be part of the same criminal episode so as to trigger the running of the speedy trial period when they are based on substantially the same conduct, even though the conduct may give rise to different consequences. Id. Accord State v. Lynch, 445 So.2d 687, 689 (Fla. 2d DCA 1984) (for speedy trial purposes, for charged and uncharged crimes to be same "criminal episode, . . . conduct resulting in the separate crimes must be `not merely related,' but `the same conduct,'" even though it gives rise to different consequences (quoting Walker v. State, 390 So.2d 411, 412 (Fla. 4th DCA 1980))); see also Shearin v. State, 755 So.2d 800 (Fla. 2d DCA 2000) (citing Lynch as viable authority). As we explained in Hanna, crimes can constitute separate criminal episodes for speedy trial purposes even though they happen at the same time. Admittedly, there is some disagreement and confusion in this area, and the decisional law is not always easily reconciled. Here, however, the charged and uncharged crimes are clearly not part of the same criminal episode because they involved distinct acts against different victims.
We do not think our decision here is in tension with Reed v. State, 649 So.2d 227 (Fla.1995), a case upon which Petitioner heavily relies. In Reed, the defendant was arrested for robbery and traffic offenses arising from a convenience store holdup and subsequent flight from the scene of the crime. He was first charged with kidnapping by information filed long after the 175th day following his arrest on the robbery charge. In addition to directing a discharge on the robbery charge, because the state failed to bring him to trial within 175 days following his arrest, the court directed that Reed be discharged on the kidnapping charge because it had arisen from the same criminal episode as the robbery. Although the facts of the robbery and kidnapping are not discussed in the opinion, nor in the opinion of the district court, we must assume that both charges involved substantially the same conduct and the same victim. Here, by contrast, the crimes allegedly committed against Florin did not involve the same conduct as the batteries involving the other victims. Thus, the charges did not arise from the same criminal episode. Reed is therefore distinguishable.
We also reject Petitioner's contention that a different result is compelled by our decision in State v. Clifton, 905 So.2d 172 (Fla. 5th DCA 2005). There, Clifton set fire to his own house. The fire spread to four other structures and a vehicle. Clifton was arrested for setting the fire and the state filed a timely information charging him with arson as to all of the structures save for one. After the speedy trial period expired, the state amended the information recharging Clifton with the same crimes charged in the original information and adding a new count related to the fifth structure. Clifton moved to dismiss the entire information, arguing that the state was precluded from filing the information after the speedy trial period *1042 had expired. The state conceded that the new count should be dismissed, but argued that the restated charges should not be dismissed. The trial court granted the defense motion as to all counts. We affirmed the dismissal of the count that was added after the speedy trial period had expired because that count involved an offense that was part of the same criminal act as the originally charged offenses. We, however, reversed the dismissal as to the originally charged affidavits.
Petitioner argues that Clifton implicitly overrules Brandt because Clifton stands for the proposition that crimes against different victims may be part of the same criminal episode for speedy trial purposes. Petitioner draws this conclusion because, in Clifton, we affirmed the dismissal of the one charge, which Petitioner assumes involved a different victim. Even if Petitioner's assumption is correct, we do not believe a different conclusion is mandated by Clifton for several reasons. First, the propriety of the dismissal of the one charge had been conceded by the State. Our discussion of that issue, therefore, was mere dictum. Second, the panel in Clifton did not expressly (and could not) overturn the prior panel decision in Brandt. Finally, Clifton is distinguishable from Brandt and this case in that Clifton had committed one act  the setting of a fire  which gave rise to multiple charges. Here, by contrast, the crime against Florin was a distinct act.[1] Therefore, Clifton does not compel the result urged by Petitioner.
Because our conclusion that the charges were not part of the same criminal episode is dispositive of this petition, we need not decide the issue of whether the State had the right to try Petitioner within the recapture period, even if speedy trial had expired. We note however that the State did not use a nolle prosequi to circumvent the speedy trial rule. Therefore, the recapture period would have been available. Fla. R.Crim. P. 3.191(a), (p); Reed, 649 So.2d at 229. Cf. State v. Agee, 622 So.2d 473 (Fla.1993) (State loses recapture period pursuant to rule 3.191(o) when use of nolle prosequi thwarts intent of speedy trial rule).
PETITION DENIED.
PLEUS, J., concurs.
THOMPSON, J., dissents with opinion.
THOMPSON, J., dissenting.
I respectfully dissent. There is no dispute that the batteries occurred on 19 February 2006, and that Florin died that same evening. However, the State failed to bring charges in her death until 25 October 2006, 249 days after Clevenger's arrest on the misdemeanor battery charges, and 74 days beyond the 175-day speedy trial period. See Fla. R.Crim. P. 3.191(a). The majority holds that State v. Brandt, 460 So.2d 444 (Fla. 5th DCA 1984), is viable and Clevenger can be tried for the homicide because he was not taken into custody in February 2006. Citing State v. Hanna, 858 So.2d 1248, 1250 (Fla. 5th DCA 2003), the court writes that the homicide was not part of the same criminal episode so as to trigger the running of the speedy trial period. The majority wrote, "the charged and uncharged crimes are clearly not part of the same criminal episode because they involved distinct acts against different victims." I disagree with the analysis and find the cases of Reed v. State, 649 So.2d *1043 227 (Fla.1995), and State v. Clifton, 905 So.2d 172 (Fla. 5th DCA 2005), dispositive. The facts here support Clevenger's argument that there was one criminal episode and that speedy trial began on 19 February 2006.
In Reed, the issue before the supreme court was whether Reed was entitled to be discharged for a violation of the speedy trial rule. The supreme court noted that, under the speedy trial without demand rule, a person is in custody when he is arrested as a result of the conduct or criminal episode that gave rise to the crime charged, or when the person is served a notice to appear in lieu of physical arrest. Because Reed was initially arrested for the conduct or criminal episode that gave rise to both the robbery and kidnapping charges, the speedy trial time on those charges began to run from the date of the arrest.[1] The supreme court held that Reed was entitled to discharge. Id. at 229. Similarly, in this case, Clevenger was arrested for the conduct that gave rise to the battery and homicide, and speedy trial should run from the date of his arrest.
The issue in Clifton was when speedy trial began to run for multiple crimes. On appeal, we stated that the speedy trial period for all crimes arising out of the same criminal conduct or episode commences from the date the defendant is taken into custody, even for crimes not charged in the information. Id. at 178. If an amended information is filed after the speedy trial period has expired and the defendant has not previously waived his right to a speedy trial, then, upon the defendant's motion, the new charges must be dismissed if they arose from the same criminal episode as the charges contained in the original information. Accordingly, we affirmed the dismissal of the new charge in the amended information, but reversed the dismissal of the other charges. These cases allow prosecution if there was a single criminal episode. Therefore, the question is whether there was a single criminal episode.
In Echelmeier v. State, 662 So.2d 994 (Fla. 2d DCA 1995), the court addressed the criteria for determining when there is a single criminal episode. The court wrote that there is no bright line rule for determining when a criminal episode can be denominated single or separate, but that the court must focus on the facts of the case. In Williams v. State, 804 So.2d 572, 574 (Fla. 5th DCA 2002), we stated that in addition to the facts of each case, we should consider the nature, time, place and number of victims involved. Id. citing Smith v. State, 650 So.2d 689, 691 (Fla. 3d DCA 1995); Colson v. State, 678 So.2d 1354 (Fla. 1st DCA 1996). See also Wilcher v. State, 787 So.2d 150 (Fla. 4th DCA 2001); Wallace v. State, 673 So.2d 910 (Fla. 2d DCA 1996).
Here, the State should have charged Clevenger within the speedy trial period for all crimes that occurred during the criminal episode, including the criminal charges involving the victim Tia Florin. They all happened at the same time during the same fight. Additionally, Clevenger was not required to file a notice of expiration of speedy trial period because the supreme court in State v. Agee, 622 So.2d 473 (Fla.1993), made clear that the 15-day recapture period of Florida Rule of Criminal Procedure 3.191(p) does not apply to charges filed after the expiration of the speedy trial time.
Because Florin collapsed during the same criminal episode for which Clevenger *1044 was initially arrested, the State had 175 days to charge him with any crimes relating to that victim. Because the State did not charge Clevenger with aggravated battery on a pregnant female and third-degree murder within that 175-day period, he is now total immune from prosecution for those felonies. I would hold that this was the same criminal episode for speedy trial purposes, and speedy trial began on 19 February 2006.
NOTES
[1] In arguing the motion below, the state attorney stated:

What happened . . . here is not a chain reaction-type situation. It wasn't a situation where the defendant strikes one victim, who then falls into the deceased victim and then she dies as a result of that. . . . These are separate, independent punches, grabs, pushes, whatever. . . .
[1] Reed was also entitled to discharge on the two charges of leaving the scene of an accident because the State had nol prossed those charges and then later refiled them after the expiration of the speedy trial period.