JACOBUS, J.
 

 This is an appeal by the State of Florida from the trial court’s order granting the discharge of defendant Sheldon Banks based on violations of the speedy trial rule. We reverse in part.
 

 On May 21, 2007, four men burglarized Al’s Army
 
 &
 
 Navy Store, stealing several guns. On May 29, 2007, one of the stolen guns, a .40 caliber Smith & Wesson handgun, was discovered under the driver’s seat of an abandoned vehicle. The gun’s serial number had been partially scratched off. The vehicle belonged to Sheldon Banks. Around the same time the car was found, Banks reported it stolen. On July 12, 2007, Banks was arrested in an unrelated case. He waived his
 
 Miranda
 
 rights and agreed to answer questions regarding the gun found in his car. Banks claimed he had purchased the gun for $200 about a week before he reported his vehicle stolen. He said he knew the gun had been stolen from Al’s Army & Navy Store and knew it was wrong to buy it. Banks was charged in Case No. 2007-CF-010485 with dealing in stolen property and possession of a firearm with an altered serial number. He pled nolo contendere and was sentenced to time-served followed by 24 months’ probation. The speedy trial time for the offenses in the 2007 case . expired in January 2008.
 

 At the time of his arrest in July 2007, Banks denied any participation in the burglary of Al’s Army & Navy Store. There was no evidence connecting him to that crime until late 2008, when the sole burglary defendant finally informed on the other men who were involved. In January 2009, Banks was charged as a co-defendant in the multi-count burglary case, Case No. 2008-CF-018564. Banks filed a motion for discharge, claiming his speedy trial rights were violated by the charges in the new burglary case because they arose out
 
 *732
 
 of the same criminal episode as the charges in the 2007 case. The trial court agreed and granted the motion. We conclude that the charges against Banks in the 2008 burglary case, with the exception of Count 11, did not arise out of the same criminal episode as the charges in the 2007 case. Therefore, speedy trial was not violated and discharge was not warranted in the 2008 case, except as to Count 11.
 

 The speedy trial rule is embodied in Florida Rule of Criminal Procedure 3.191, which generally requires that every person charged with a felony be brought to trial within 175 days of arrest. The time period established by the rule “commence[s] when the person is taken into custody as defined under subsection (d).” Fla. R.Crim. P. 3.191(a). Subsection (d) states in relevant part that a person is taken into custody when he or she “is arrested as a result of the conduct or criminal episode that gave rise to the crime charged.... ” Fla. R.Crim. P. 3.191(d). At issue here is what these phrases mean and how they apply under the circumstances of this case.
 

 In
 
 Thomas v. State,
 
 374 So.2d 508 (Fla.1979), the supreme court interpreted and applied the speedy trial rule in a situation analogous to the present case and found no violation. The defendant in
 
 Thomas
 
 was arrested in January 1976 for receiving and concealing several items of stolen property. The items had been stolen earlier that month during a home invasion robbery in which the masked perpetrator had also murdered one victim and sexually battered another. The defendant was not charged with those crimes until almost a year later. He was subsequently convicted and sentenced to death. On appeal, the supreme court rejected the defendant’s argument that discharge was warranted for violation of the speedy trial rule. The court acknowledged that the item that triggered the stolen property charge did link the defendant to the murder and related crimes. Even so, the court concluded that when the defendant was arrested on the stolen property charge, he was not “taken into custody” on the murder-related charges. The speedy trial time therefore did not commence until the defendant was indicted in the murder case. In reaching this conclusion, the court found it significant that there was no probable cause to charge the defendant with the murder-related crimes at the time of his arrest for the stolen property offense. The inference from
 
 Thomas
 
 is that the court did not deem the stolen property offense to be part of the same criminal episode as the murder and robbery offenses.
 

 Regarding the meaning and significance of the term “criminal episode,” this court has explained:
 

 The time period [for speedy trial] begins to run when the defendant is arrested for the crime or issued a notice to appear. Under certain limited circumstances, however, the right to a speedy trial can commence to run on uncharged crimes if the uncharged crimes are part of the same “criminal episode” as the charged crimes. Crimes are deemed to be part of the same criminal episode so as to trigger the running of the speedy trial period when they are based on substantially the same conduct, even though the conduct may give rise to different consequences.
 

 Clevenger v. State,
 
 967 So.2d 1039, 1041 (Fla. 5th DCA 2007) (citations omitted). The defendant in
 
 Clevenger
 
 was charged with misdemeanor battery on three separate victims. Many months after the disposition of the misdemeanors, the defendant was charged with the murder of a fourth victim, who was fatally injured during the same altercation that gave rise to the misdemeanors involving the other victims. This court concluded that the mur
 
 *733
 
 der charge did not arise from the same criminal episode as the misdemeanors because a different victim was involved. Accordingly, we held that the later murder charge did not violate the speedy trial rule.
 

 In our earlier decision in
 
 State v. Hanna,
 
 858 So.2d 1248 (Fla. 5th DCA 2003), we made two additional observations on the criminal episode topic:
 

 First, generally, when crimes occur on different days, not as a part of one uninterrupted event, they are not part of the same criminal episode, even when they are related. Under these circumstances, the temporal separation evinces separate crimes with a separate criminal intent existing for each crime. Our second observation is that, even when the temporal separation is not significant, when different crimes are involved, they are not deemed a part of the same criminal episode unless they are based on substantially the same acts.
 

 Id.
 
 at 1250 (citations omitted). In
 
 Hanna,
 
 the defendant was charged with several counts involving certain unlicensed activities. Although the offenses were all related, we concluded they did not arise from the same criminal episode for speedy trial purposes because they involved distinct criminal acts that occurred on different dates.
 

 Applying the principles from
 
 Thomas, Clevenger,
 
 and
 
 Hanna
 
 to the present case, it is apparent that the charges against Banks in the 2008 case did not arise from the same criminal episode as the charges in the 2007 case, even though the cases were related. The charges in the 2007 case arose from Banks’ constructive possession on May 29, 2007, of a .40 caliber Smith & Wesson handgun, which he knew was stolen and which had an altered serial number. The charges in the 2008 case arose from Banks’ participation in the burglary of Al’s Army & Navy Store, which occurred on May 21, 2007. With the exception of Count 11, the grand theft charges in the 2008 case all involved different guns than the one at issue in the 2007 case. The police lacked probable cause to charge Banks with the burglary-related offenses until a co-defendant informed on him.
 

 Under these circumstances, we conclude that the charges in the 2008 case arose from a distinct criminal episode. The exception is Count 11, which charged Banks with grand theft of the same .40 caliber Smith & Wesson handgun he was charged with possessing as stolen property in the 2007 case. Thus, with the exception of Count 11, the charges against Banks in the 2008 case did not violate the speedy trial rule and should not have been discharged. The order granting discharge is therefore reversed, except as to Count 11, and the cause is remanded for further proceedings consistent with this opinion. We affirm the discharge of Count 11 as to Banks.
 

 AFFIRMED in part; REVERSED in part and REMANDED.
 

 MONACO, C.J. and PALMER, J., concur.