PER CURIAM.
 

 Appellant challenges his conviction based on an alleged speedy trial violation. He argues that his conviction was based on charges that arose from the same criminal episode as charges for which the speedy trial period had expired. We conclude that, although the charges all were related to illicit drugs, each involved distinct acts and distinct crimes. Therefore, they did not arise from the same criminal episode for speedy trial purposes.
 
 See State v. Banks,
 
 50 So.3d 730 (Fla. 5th DCA 2010) (defendant’s charges for dealing in stolen property and possession of firearm with altered serial number, though related to charge of burglary involving theft of firearms, not part of same criminal episode);
 
 Clevenger v. State,
 
 967 So.2d 1039, 1041 (Fla. 5th DCA 2007) (“Crimes are deemed to be part of the same criminal episode so as to trigger the running of the speedy trial period when they are based on substantially the same conduct, even though the conduct may give rise to different consequences.”);
 
 State v. Hanna,
 
 858 So.2d 1248, 1250 (Fla. 5th DCA 2003) (“[W]hen different crimes are involved, they are not deemed a part of the same criminal episode unless they are based on substantially the same acts.”).
 

 AFFIRMED.
 

 TORPY, LAWSON and COHEN, JJ., concur.